IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:31 pm, Oct 14, 2020
JEFFREY P. COLWELL, CLERK

Civil Action No.
       (To be supplied by the court)


   Amanda Tucker-Meuse
Plaintiff

v.


   Department of Regulatory Agencies
Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)


# COMPLAINT


## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any

other materials to the Clerk's Office with this complaint.

PLAINTIFF INFORMATION
You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.

       Amanda Tucker-Meuse, 62 Haystack Lane, Snowmass, Co 81654
(Name and complete mailing address)

       970-820-8540, atuckermd@yahoo.com
(Telephone number and e-mail address)

## B. DEFENDANT(S) INFORMATION
Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."

Defendant 1:      Department of Regulatory Agencies, 1560 Broadway #1545, Denver, Co 80202
(Name and complete mailing address)

       303-894-7855, dora_dpo_exceptions@ dora.state.co.us _
(Telephone number and e-mail address)

## C. JURISDICTION
Identify the statutory authority that allows the court to consider your claim(s): (check one)

  __X__  Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

2

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Supremacy and Preemption Doctrine of Federal Law

Rehabilitation Act of 1973,
Federal Fit for Duty Evaluation,
Federal Confidentiality of Medical Records,
Abuse of an Employee Assistance Program to circumvent Federal Law
Withholding of court documents / evaluations to wrongly attack licensees

## D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

Overview

Plaintiff is a qualified individual with actual non transitory disabilities that is entitled by Federal Law to protection, accommodation of any disabilities and Administrative Services and Remedies.

DORA is a state regulatory agency who accepts Federal Funds, has agreed to be sued without immunity for any violations, and has formally and repeatedly denied plaintiff any disability services or accommodations.

DORA uphold Federal Law " behind closed doors " in a State Environment and

3

openly admit it upholds its own " editorialized version of Disability Law" This complaints addressed DORA's editorializations specially as to its non -compliance with its right to request one limited scope Fit for Duty Evaluation which is job related , and cannot remove economic stability and livelihood without first demonstrating, with face to face up to date objective medical evaluation that a disabled individual belongs to a category of " Direct Threat " which means their disability is not amenable to offered reasonable accommodation . Until this Direct Threat designation can be proven by DORA, under Federal Law it is prohibited from removing economic stability and livelihood but regularly does

Plaintiff seeks a court order, with jury trial by the Federal Court ordering DORA to seek and desists is current practice of abusing its licensees it perceives to be disabled citing an " editorialized version of Federal Law and " State Supremacy " which it does not have

Finding of Fact

In May 2015 DORA ordered plaintiff to conduct an extensive Fit for Duty Evaluation under 29 C.F.R. §1630.14(c) (1998), as part of the student license it erroneously issued. The fee for this two-day evaluation was $4997.50 per day, which DORA, along with the costs of the next ten evaluations it demanded has yet to repay but must. DORA could have simply allowed plaintiff five minutes to review their license error based on its document loss but would not.

*A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature and severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity. 42 U.S.C. §12112(d)(4)(A) (1994); 29 C.F.R. §1630.14(c) (1998)*

The evaluation DORA demanded plaintiff borrow $11,000 to undertake was job related and consistent with business necessity and satisfied 29 C.F.R. §1630.14(c) (1998). It provided DORA with clear two-day $11,000 record of the fact that plaintiff suffered from no disability that impacted her ability to perform her work duties and satisfied all Federal Law. This should have ended any concern and DORA's Federal Duties but instead DORA applied its " state editorialization" of

4

Federal Law, and subjected plaintiff to three years of attack demanding ten separate highly invasive and expensive evaluations, prohibited by Federal Law , wrongly removed plaintiffs livelihood and employment claiming she met the Federal Criteria for " Direct Threat" on February 2016 and again in July 2017, when she did not . At the end of three years of attack , DORA then took legal action against plaintiff claiming her ten evaluations were " not adequate" when they were and when plaintiff refuse to " relinquish all disability legal claims " DORA in retaliation launched a legal attack claiming plaintiff "could not follow rules " of the completely inappropriate license it issued because of an uncorrected document error.

Plaintiff seeks an order demanding DORA cease and desist its practice of " state editorialization " of Federal Law, uphold its duty of ONE limited scope Fit for Duty Evaluation and cease and desist its practice of random and punitive suspensions which violate Federal Law using its employee health Program ( EAP) to subterfuge Federal Law and remove civil rights

DORA openly admits that, its State editorialization of Federal Law. DORA claims this is permitted explaining that its state licensing statutes have supremacy and preemption over Federal Law. From DORA's point of view this statement ends all discussion. This practice openly 29 C.F.R. §1630.14(c) (1998), and openly admit this.

DORA does not protect its disabled but re-writes Federal Law for attack. At the end of ten evaluations DORA routinely takes legal action , expressly contradicting 29 C.F.R. §1630.14(c)(1998),, claiming that the ten evaluations  three years and $40,000 of evaluations it imposed , while it removed its disabled livelihoods "were not adequate evaluations " and subjects its disabled to a further three years of litigation demanding an eleventh highly invasive " multi-day in patient evaluation" which is completely prohibited under 29 C.F.R. §1630.14(c)(1998),

During this process, DORA does not protect its disabled randomly claiming that its " has a suspicion of " a " mental or physical condition" and this " suspicion " is enough to remove livelihoods and employment under its state editorialization of Federal Law.

DORA randomly "decides "that licensees are a "Direct Threat" (unable to practice

5

medicine with reasonable skill and safety) under its State Editorialization without any medical evaluation or offer of accommodation.

Federal Law states that DORA must have an objective, up to date, face to face medical evaluation with a medical diagnosis THEN demonstrate to the Federal Government that it has offered accommodation in good faith and this accommodation has failed. DORA declared plaintiff a "Direct Threat "on two occasions. Never did it have a face to face evaluation which supported this diagnosis and never did DORA offer accommodation, DORA always had multiple evaluations which contradicted their assertions which violated 29 C.F.R. §1630.14(c) (1998),

The initial reason why plaintiff fell under DORA's microscope was that in May 2015, DORA made a document error and instead of issuing plaintiff the license she applied for DORA, because of its document loss, issued a completely inappropriate license for plaintiffs practice area and expertise.

DORAs basic duty for its $1200 fee is to provide " licensee support" but again it claims supremacy over Federal Law seeing licensees as " license signers" and not individuals with rights DORA openly advise its licensees that in Colorado they have no civil rights as these are removed by DORA on license signing by "implied waiver "

DORA's position is whether this license arose from a document error, whether this is plaintiffs area of medical practice or not, whether this license is risky or harmful or not, Its only role is to ensure that its nameless faceless license signers without civil rights to what they sign. DORA does not permit due process, license review, disability services, administrative remedies and accommodation which could be any of the above. These are prohibited.

DORA made the situation even more differently by not permitting plaintiff who had practiced medicine since 1976 to control her own license, DORA gave this control to a third party , CPEP who DORA demanded conduct a Fit for Duty Evaluation and was responsible for all paperwork for hospital credentialing. The completion of this paperwork should take one hour but took CPEP 300 days to begin a hospital credentialing process which would take an additional 300 days for a total of 20 months out a 36-month license. DORA should provide licensee

support but does not as its only consideration is the "completion of license terms" even though their errors impose inordinate and prohibited hardship and risk.

Plaintiffs exacerbation of her Chronic Anxiety Disorder came from DORA demand that she spent 600 days without income and employment separated from her school age children, one with significant special needs. DORA would not provide plaintiff with five minutes to address this disability and brainstorm accommodation. Plaintiff repeatedly explained to DORA that this was not a sustainable option for her, but DORA refused to assist or provide any accommodation or alternative

DORA asked for an evaluation as part of this erroneous student license, which satisfied from no disability that impacted her ability to practice medicine. DORA is obliged under Federal Law to accept this incredibly comprehensive videotaped $11,000 but, under its State Editorialization would not uphold 29 C.F.R. §1630.14(c)(1998 though it had confirmed plaintiff had no disabilities that impacted on her job performance or skill

This evaluation satisfied Federal Criteria of 29 C.F.R. §1630.14(c) (1998 and was
*Job Related and Consistent with Business necessity*
*Generally, a disability-related inquiry or medical examination of an employee may be "job-related and consistent with business necessity" when an employer "has a reasonable belief, based on objective evidence, that: (1) an employee's ability to perform essential job functions will be impaired by a medical condition; or (2) an employee will pose a direct threat due to a medical condition.*

In February 2016 and again in July 2017 DORA claimed plaintiff was a a "Direct threat "under 29 CFR 1630.2(r) (1998) February 2016 DORA had not. At no time did DORA have any medical evaluation that supported this "made up 'disability, at no time did DORA offer plaintiff any accommodation. At all times DORA had a comprehensive evaluation that contradicted any and all of its random assertion

*Direct Threat "Direct threat" means a significant risk of substantial harm that cannot be eliminated or reduced by reasonable accommodation. Direct threat determinations must be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job, considering a reasonable medical judgment relying on the most current medical knowledge*

7

*and/or best available objective evidence. To determine whether an employee poses a direct threat, the following factors should be considered: (1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that potential harm will occur; and, (4) the imminence of the potential harm. . C.F.R. §1630.2(r) (1998).*

DORA had no evidence of any Direct Threat, as it never demonstrated any risk to create potential harm. Potential harm was impossible as DORA had never permitted plaintiff to have a medical license that permitted patient contract because of its license error and 600 days DORA mandated that plaintiff wait without income or activity,

*29 CFR § 1630.9 - Not making reasonable accommodation February 2016*
*It is unlawful for a covered entity not to make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business.*

*It is unlawful for a covered entity to deny employment opportunities to an otherwise qualified job applicant or employee with a disability based on the need of such covered entity to make reasonable accommodation to such individual's physical or mental impairments. 29 CFR § 1630.9*

*A covered entity is required, absent undue hardship, to provide a reasonable accommodation to an otherwise qualified individual who meets the definition of disability under the "actual disability" prong (§ 1630.2(g)(1)(i)), or "record of" prong (§ 1630.2(g)(1)(ii)), but is not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the "regarded as" prong (§ 1630.2(g)(1)(iii)).*

Plaintiff was both " regarded as disabled " by DORA and was actually disabled under (§ 1630.2(g)(1)(i)), and had a record of two chronic disabilities since 1958 Chronic Familial Narcolepsy and Chronic Anxiety with Acute Exacerbations since 1971 § 1630.2(g)(1)(ii)), DORA therefore did have a duty to offer plaintiff accommodation and never did. DORA wrongly removed plaintiff's livelihood from February 2016 on in violation of 29 CFR § 1630.9

8

DORA makes no bones about the fact it uses its Employee Health Program ( EHP) to attack, routinely claiming that licensees " fail to comply with the EHP or are " unsafe to practice medicine" when DORA has no such medical evaluation, the licensee had had no face to face contact with the EHP and the EHP had never offered accommodation

**Employee health program.** *An employee health program, including any disability-related inquiries or medical examinations that are part of such program, must be reasonably designed to promote health or prevent disease. A program satisfies this standard if it has a reasonable chance of improving the health of, or preventing disease in, participating employees,* ***and it is not overly burdensome, is not a subterfuge for violating the ADA or other laws prohibiting employment discrimination, and is not highly suspect in the method chosen to promote health or prevent disease.***

DORAs EHP does not treat or evaluate only provides expensive hurdles which may be to friend's centers demanding ten evaluations prohibited by law

*A program also is not reasonably designed if it exists mainly to shift costs from the covered entity to targeted employees based on their health or simply to give an employer information to estimate future health care costs. Whether an employee health program is reasonably designed to promote health or prevent disease is evaluated in light of all the relevant facts and circumstances.*

DORA's EHP is designed to rake in evaluation fees from its licensees and to hold them hostage to various unlawful demands in "exchange for" relinquishment of legal rights or money. All expressly prohibited under Federal Disability Law

Count One Supremacy and Federal Preemption

Right Violated : DORA deny its licensees the right to be protected by Federal Law and treated fairly by advising licensees that that they have no constitutional rights to fair treatment advising them that they " relinquish these on licensing signing"

DORA claims its entirely different version of Federal Law is supreme when it is not.

9

Count Two: Violation of the Federal Fit for Duty Medical Evaluation Standard

Right Violated: The Right to receive Federal Disability Protection in a limited scope, no cost evaluation to uncover any disabilities that might prevent job performance, and for this evaluation to be treated with confidentiality and sensitivity

Agency Violating this Right: DORA

DORA routinely uses its EHP to defer cost on its licensees and to make expensive and prohibited evaluations trying to create fabricate catastrophic disabilities that support this financially driven process, DORA does not cover the cost of these evaluations and must.

Disabled folk have the right to undergo ONE limited scope evaluation, but DORA do its EHP routinely make inordinate, illegal and expensive demands fabricating disabilities where they do not exist. Neither party ever has a comprehensive evaluation which satisfies Federal Law nor offers accommodation,

DORA had a comprehensive evaluation that plaintiff suffered from no disability that impeded her ability to work , yet requested TEN further evaluations at a cost of around $35,000 then took legal action against plaintiff claiming that these ten evaluations " were not adequate" and Federal Law required an eleventh to exclude a disability excluded five years earlier.

Count Three: DORA s refusal to pay for the Fit for Duty Evaluations

Right Violated: The right to not be unduly burdened by a Federal Fit for Duty Evaluation Request

Public Entity violating this Right: Department of Regulatory Agencies

DORA has currently demanded around $35,000 to $50,000 of evaluation from plaintiff trying to fabricate a disability and has taken legal action against her claiming that these evaluations, which all showed the same diagnosis were inadequate' and wants plaintiff to conduct an additional highly illegal , highly

10

invasive medical evaluation at a cost of $25,000 to $100,000
DORA is legally required to pay for the ten evaluations it has requested to date with all expenses and loss of income if its wrongly removed plaintiff's livelihood, which it did,

Count Four: Refusal to allow Evaluations Results

Right Violated: The right to be evaluated and if no disability shown to be left alone, not to be harassed.

Public Entity violating this Right: DORA will not leave a disabled individual alone if the Fit for Duty Evaluation shows no disability. DORA will not accept this but bombards the disabled with increasingly hard and expensive demands prohibited by law in plaintiffs case DORA demanded ten evaluations

Count Five: The Right to receive Accommodation for a Disability

Right Violated: The right to be offered accommodation for any disability

Public Entity violating this Right: DORA

Any disabled individual has a right to be offered accommodation for a disability

Count Six: Wrongful Suspension of Medical License by "assigning disabilities"

Right Violated: The right to be treated fairly, the right to Disability Accommodation, the right to preserve employment and livelihood, the right to protect one's property (medical license) Suspension of Medical Licenses

Public Entity Violating this Right: DORA

DORA routinely suspends medical licenses "assigning disabilities" when it has no legal right to do these standards are junior to the Supreme Federal Law which requires that DORA must have a comprehensive medical

Count Seven the Use of an Employee Assistance Program to subterfuge Federal Law

11

<u>Right Violated:</u> The right of a disabled individual to be protected by an Employee Assistance Program and be treated fairly

<u>Agency violating this right</u> : DORA uses its Employee Health Program ( CPHP ) to subterfuge and circumvent Federal Law, routinely removing or suspending licenses claiming a licensee " fails to comply with a Fit for Duty Evaluation" or " cannot practice medicine with reasonable skill and safety" when DORA has no objective evidence to support such a basic attack, no face to face contact and the EHP is a several thousand miles away .

<u>Count Eight Violation of Direct Threat Designation</u>

Right Violated" The right to be offered a medical evaluation and if a disability is uncovered to be offered accommodation which must fail before DORA removes livelihoods and suspends licenses,

<u>Claim Nine: Suppression of Documents</u>

This case arose because DORA "lost" plaintiffs practice history and issued a completely incorrect license it required plaintiff, as a "license signer" to uphold having removed her civil rights

DORA routinely withholds evaluations and documents, such as medical evaluations in order to attack its licensees either declaring they are disabled when they are not, or claiming DORA has "lost "these evaluations. This document loss was the basis of DORA's failure to correct its license error

From November 2014 DORA has full documentation of plaintiff's full compliance with a comprehensive Federally Compliant Evaluation, DORA never mentions this $11,000 evaluation

From 2015 to present date DORA has full documentation of plaintiffs rapid scheduling of ten separate evaluations which DORA claims she "failed to comply with" by withholding or losing these documents

From 2015 DORA claims that plaintiff suffers from a " severe mental and physical disability" but never has DORA produced an evaluation in support of this, DORA

12

has produced two words from an employee of its EHP who plaintiff last saw around two years before, and never clinically,

DORA Repeatedly represents that plaintiff was "unemployable" and a Direct Threat but never has DORA shown its failed accommodation attempts as none was ever offered

DORA also claimed that a 2005 Traffic Incident with a Blood Alcohol Level of 0.000 is a 'traffic incident that involves alcohol "even though DORA has a full court record that this case was discharged with a $100 fine

In all instances DORA simply writes a law or a fact and argues that it is true when Federal and other laws require DORA produce documents and uphold a legal standard which it does not

Claim Ten Failure to Provide Administrative Remedies

From February 2016 to July 2017 , since DORA would not respond to any requests for disability assistance or support , and would not permit plaintiff to work in any capacity, she left the state of Colorado, and the jurisdiction of the EAP ( Employment Assistance Program)

DORA claims these are not available

Claim Eleven Violation of Preemption and Authority over other courts

*Federal Preemption*
*When state law and federal law conflict, federal law displaces, or preempts, state law, due to the Supremacy Clause of the Constitution. U.S. Const. art. VI., § 2. Preemption applies regardless of whether the conflicting laws come from legislatures, courts, administrative agencies, or constitutions.*
*The preemption doctrine refers to the idea that a higher authority of law will displace the law of a lower authority of law when the two authorities come into conflict.*

DORA openly declares it has state supremacy over Federal Law and the Traffic Courts of a 2005 Incident settled for a $100 fee

13

Claim Twelve Confidentiality

DORA openly advises its licensees that their medical evaluation and information will not be treated with confidentiality and will be circulated, and they do exactly this.

Claim Thirteen: False Disability Definition

DORA have formally advised plaintiff that her two disabilities are "not covered "by their "state version "Federal Law. These are a Chronic Anxiety Disorder with Acute intermittent exacerbations diagnosed in 1971 and Chronic Familial Narcolepsy diagnosed in 1958 is not a disability covered by their "state version" of Federal Law.

DORA has advised plaintiff that these disabilities do not entitle her to Federal Protection as they are excluded.

Claim Fourteen: Improper Removal of employment during Federal Fit for Duty evaluation

Federal Law specifically prohibits a public entity from removing the employment or financial stability of any disabled individual while a Fit for Duty Evaluation is underway. No public entity is permitted to use this Fit for Duty Evaluation to demean, harm or attack a disabled individual.

DORA and the State of Colorado have a signed contract underscoring their commitment to this in an Employee Assistance Contract. This contract permits eight weeks for an individual to schedule such an evaluation

In December 2015 DORA had the results of a comprehensive job-related Fit for Duty in hand showing plaintiff could perform all aspects of her job. DORA had therefore satisfied their Federal Duty.

Having asked plaintiff to conduct a second evaluation in November 2015, DORA asked plaintiff to conduct a third evaluation on December 15th, 2015. Although this evaluation request was illegal, plaintiff complied with this and arranged the evaluation one to two days, eight weeks ahead of schedule.

14

Plaintiff reported to DORA that their EAP had become available and provided DORA documentation confirming this third Fit for Duty Evaluation was underway

Three weeks later with full documentation DORA suspended plaintiffs professional license claiming she had " failed to comply with a request for a Fit for Duty Evaluation" when DORA had documentation of full compliance, and had a fully complete and comprehensive evaluation showing plaintiff was Fit for Duty

DORA has refused to expunge this wrongful suspension which violates Federal Law. DORA claims that the words "right to suspend "in their State Statute are supreme over Federal Law which prohibits any public entity from harming or removing employment unless an individual is proven to have a severe disability which fails accommodation.

CLAIM Fifteen: Prohibited Legal Action

Federal Law prohibits DORA from taking any kind of adverse or legal action against a disabled individual by virtue of their disability or by using information uncovered on their possession by virtue of their right to a Fit for Duty Evaluation

DORA has taken repeated and prohibited legal action against plaintiff based on a medical evaluation that confirms she suffers from two disabilities

Claim Sixteen:  Prohibited Intimidation

In October 2017 DORA offered to not take legal action against her because she had "failed to use" a license it had wrongly suspended for the entirety of its term DORA advised plaintiff if she did not agree to "relinquish her legal rights "then it would take legal action against her for being disabled and for not using a license because it was suspended,

E.     REQUEST FOR RELIEF
State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."

15

Plaintiff asks the Federal Court to reverse and expunge all DORAs illegal acts in one through 16 which violate the Federal Disability and other law , to refund all the evaluation expenses and other financial losses and expenses incurred by its wrongful attack on her because of her disabilities

F.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

*Amanda Tucker* (signature)

Amanda Tucker

September 24th, 2020